# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DOMINIC SABATINI,<br><br>            Plaintiff,<br><br>      v.<br><br>RICOH USA, INC.,<br><br>            Defendant. | Case No.  16-cv-03126-BLF<br><br>**ORDER GRANTING THE MOTION TO REMAND**<br><br>[Re: ECF 13] |

Defendant Ricoh USA ("Ricoh") removed this action from the Santa Clara Superior Court on diversity grounds.  ECF 1.  Plaintiff Dominic Sabatini ("Sabatini") now moves to remand it.  ECF 13.  At issue is whether the federal "amount in controversy" requirement has been satisfied.  The crux of the issue is whether the Court should consider reasonably expected attorney's fees in calculating the amount in controversy, or whether it is proper to include only those attorney's fees expended at the time of removal.  The Court adopts the later position, and thus GRANTS the motion to remand.

## I.    BACKGROUND

Sabatini alleges that he was employed by Ricoh for 25 years, and that after securing a sale of specific Ricoh hardware and services to Genentech, Inc., Ricoh "fail[ed] and refus[ed] to pay Plaintiff the commission wages due him in the principal sum of $52,776.10."  Compl. ¶ 9–13 (Ex. A to Plaintiff's Motion to Remand), ECF 13-1.  In May 2016, Sabatini brought an action in Santa Clara Superior Court against Ricoh, asserting claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200, *et seq.* and failure to pay wages in violation of Cal. Labor Code §§ 200, 204, 206 *et seq.*, and 2751.

Defendant removed to this Court, asserting diversity jurisdiction over this action.  Plaintiff now moves to remand.

## II.   LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).

District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). The Ninth Circuit recognizes a "strong presumption against removal."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  The court "resolves all ambiguity in favor of remand."  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   DISCUSSION

In his Complaint, Plaintiff asserts that he is a citizen of California and that Defendant is an Ohio corporation with its principal place of business located in Pennsylvania.  Compl. ¶ 1, ECF 13-1.  Thus, there is complete diversity between the parties.  Accordingly, the only question remaining is whether the amount in controversy requirement is satisfied.

In his motion to remand, Sabatini argues that the "[c]omplaint expressly prays for damages in the principal amount of $52,776.10, plus interest and reasonable attorneys' fees.  As of the date of removal, Plaintiff's attorneys' fees totaled $3,981.25, and when added to the principal amount claimed, the amount in controversy totals $56,757.35."  Mot. 3, ECF 13.  Plaintiff argues that future attorney's fees should not be considered because they are "entirely speculative."  Reply 2, ECF 15 (citation omitted).

Defendant however argues that "a reasonable estimate of fees likely to be incurred to

United States District Court
Northern District of California

1   resolution is the proper measure for calculating the amount in controversy, not those fees incurred

2   at the time of removal."  Opp. 2, ECF 14 (emphasis and internal quotation marks omitted) (citing

3   *Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30,

4   2012)).  Defendant asserts that Sabatini's counsel will bill his client at a rate of $425 per hour,

5   such that "the amount in controversy will be established if it is likely that Plaintiff will incur

6   $18,242.66 in attorney's fees—or approximately forty (40) hours of billable time—after the date

7   of removal."  Ricoh contends that "[t]his Court can reasonably anticipate that Plaintiff's counsel

8   would certainly spend 43 hours in litigating this case," and offers a breakdown of likely tasks and

9   the amount of time it estimates Plaintiff's counsel will spend completing each task.  *Id.* at 2, 4.

10  Thus, according to Ricoh, "[i]ncluding the attorney's fees that Plaintiff can reasonably anticipate

11  incurring through the resolution of this matter, the amount in controversy herein exceeds

12  $75,000."  *Id.* at 2.

13       Typically, attorney's fees are not considered part of the amount in controversy for diversity

14  purposes, but "where an underlying statute authorizes an award of attorney's fees, either with

15  mandatory or discretionary language, such fees may be included in the amount in controversy."

16  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  It is unclear from the case law,

17  however, what amount of attorney's fees are properly included within the amount in controversy.

18  There are two main lines of cases on this point, each of which has been adopted by at least one

19  court in this district.  The Ninth Circuit has not yet decided the issue.

20       Some courts conclude that only fees incurred as of the date of removal are included in the

21  amount in controversy.  *See, e.g.*, *Icard v. Ecolab, Inc.*, No. C 10-0410, 2010 WL 2528968, at*2

22  (N.D. Cal. June 18, 2010); *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, at

23  *4 (N.D. Cal. Oct. 4, 1999); *Conrad Assoc. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196,

24  1200 (N.D. Cal. 1998); *Dukes v. Twin City Fire Ins. Co.*, No. CV-09-2197-PHX-NVW, 2010 WL

25  94109 (D. Ariz. Jan. 6, 2010).  Other courts have held that a reasonable estimate of fees likely to

26  be recovered may be used in calculating the amount in controversy.  *See, e.g.*, *Brady v. Mercedes-*

27  *Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002).

28       Having considered the two approaches, the Court adopts the conclusion reached in *Icard*,

3

where the court found that "when estimating attorney's fees for the purposes of establishing jurisdiction, the fees that should be considered are those incurred as of the date of removal." *Icard*, 2010 WL 2528968, at *2 (citation omitted).  The Court's decision is based on the fact that it is well established that jurisdiction "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (internal citation and quotation marks omitted).  "This time-of-filing rule is hornbook law . . . taught to first-year law students in any basic course on civil procedure." *Id.* at 570–71 (internal citations omitted). Moreover, "[s]ubsequent events do not confer jurisdiction." *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 296 (9th Cir. 1989).

Here, Plaintiff's counsel declared that "[a]s of June 8, 2016, the date of removal, Plaintiff had incurred attorneys' fees in this matter totaling $3,981.25."  Olson Declr. 2, ECF 13-1. Combined with Sabatini's prayer for damages in the principal amount of $52,776.10, it is clear that the amount in controversy requirement was not satisfied at the time of removal.

That attorney's fees under section 218.5 of the California Labor Code are mandatory does not affect the outcome because Defendant's account of attorney's fees is entirely speculative.  Cal. Labor Code § 218.5 ("In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party . . . .").  Defendant submits that Plaintiff's counsel charges $425 per hour, and that the attorney's hours expended would likely be more than 40 hours, which would equal an amount sufficient to overcome the $75,000 threshold, when combined with Sabatini's damages claim.  Opp. 2, 4, ECF 14.  As the court's experience demonstrates, however, each case is different, and it is impossible to speculate as to what amount of work will ultimately be expended on the litigation.  Additionally, Ricoh merely states in a conclusory manner that every hour expended by Sabatini's counsel in the litigation would be billed at the counsel's standard hourly rate.  Ricoh fails to address the possibility that an attorney with a lower billable rate would work on the case.  Finally, even assuming that Plaintiff's counsel would charge $425 per hour, to satisfy the amount in controversy requirement, Plaintiff's counsel would need to expend over 40 hours on this case and defendant fails to substantiate its estimate that Plaintiff's counsel will indeed expend that many hours on this case.  Instead, Ricoh provides

only a declaration by its own counsel articulating the amount of time Defendant's counsel expects to spend on the case and summarily concludes that "Plaintiff's counsel will spend a similar amount of time" on the case.  Tumanyan Declr. 2, ECF 14-1.  This is not enough to make the estimate of attorney's fees sufficiently concrete.

Accordingly, Ricoh has not met its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold, and thus the Court does not have subject matter jurisdiction over this action.

## IV.     ORDER

For the foregoing reasons, the Court REMANDS this case back to the Santa Clara Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: September 6, 2016

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5